UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

v. Civil No. 06-CV-329-JD
Opinion No. 2008 DNH 010

Portions of $3,300,333.02 More or Less In Proceeds from the Sale of The Lakes Region Greyhound Park

O R D E R

Denise Hart, a claimant to a portion of proceeds from a sale of property seized by the United States, brings a motion to dismiss the claims of Kenneth and Lisa Hart. Kenneth and Lisa Hart have filed an objection.

## Background

On September 6, 2006, the United States filed a verified complaint, pursuant to 18 U.S.C. § 981(a)(1)(A), the Civil Asset Forfeiture Reform Act (CAFRA), for forfeiture in rem of $3,300,333.02, in proceeds from the sale of The Lakes Region Greyhound Park ("proceeds"), property seized because of illegal acts committed by Richard Hart. On December 26, 2006, the government served the complaint on various parties. As a result, pursuant to Rule C(6) of the Supplemental Rules for Admiralty or

Maritime Claims and Asset Forfeiture Claims, several parties filed claims related to this property.[1]

On January 17, 2007, Denise Hart, Richard's wife, filed a claim for 16.666% of the distribution proceeds from the sale of the seized property. On January 18, 2007, Joan Hart, Richard's mother, filed a claim for 33.33% of the proceeds and on the same day, Allan Hart, Richard's uncle and Joan Hart's business partner, filed a claim for 10% of the proceeds. On January 19, 2007, Vincent DiCesare, a business partner of Allan Hart and Joan Hart, filed a claim for 40% of the proceeds. On January 26, 2007, Kenneth Hart, Richard's brother, and Lisa Hart, Kenneth's wife, filed a claim for 29.834% of the proceeds. Kenneth and Lisa Hart claim the 29.834% interest as assignees of Joan Hart and beneficiaries of a constructive trust held by Joan Hart. Kenneth and Lisa Hart's claim competes directly with Joan Hart's

[1]Because civil forfeiture is an in rem proceeding, the property subject to forfeiture is the defendant and the plaintiff is the United States. United States v. One-Sixth Share of James J. Bulger, 326 F.3d 36, 40 (1st Cir. 2003). "Defenses against the forfeiture can be brought only by third parties, who must intervene" by filing a claim to the property. Id. The Supplemental Rules, effective December 2006, govern this type of action. See 18 U.S.C. § 981(b)(2). The Supplemental Rules provide that the general rules of the Federal Rules of Civil Procedure apply to actions in rem except to the extent that they are inconsistent with the Supplemental Rules. Supplemental Rule A.

claim to the 33.33% of the proceeds but does not overlap with Denise Hart's claim to 16.666% of the proceeds.

Standard of Review

In considering a motion to dismiss, the court "take[s] as true all well-pleaded allegations and draw[s] all reasonable inferences in the plaintiff's favor."[2] Ezra Charitable Trust v. Tyco Int'l, Ltd., 466 F.3d 1, 5-6 (1st Cir. 2006). The claimant, however, "must allege 'a plausible entitlement to relief.'" Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct 1955, 1967 (2007)). The court need not accept a claimant's assertion that a factual allegation satisfies an element of a claim, however, "nor must a court infer from the assertion of a legal conclusion that factual allegations could be made that would justify drawing such

---

[2]Third party claimants "are akin to intervenor-defendants whose claims constitute defenses to the forfeiture actions." United States v. 74.05 Acres of Land, 428 F. Supp. 2d 57, 60 n.2 (D.Conn. 2006). Therefore, Federal Rule of Civil Procedure 12(f), which provides that a court "may order stricken from any pleading any insufficient defense," may be the proper basis to challenge a defense to a forfeiture. See id.; see also United States v. $598,826, 2007 WL 2713367, at *5 (E.D.N.Y. September 13, 2007). "The standard of review for a 12(f) motion is identical to that of a 12(b)(6) motion," and for this reason, whichever standard is used, the court will reach the same result. Id.

a conclusion." See Cordero-Hernandez v. Hernandez-Ballesteros, 449 F.3d 240, 244 n.3 (1st Cir. 2006).

## Discussion

On June 19, 2007, claimant Denise Hart filed a motion to dismiss the claims of Kenneth and Lisa Hart, based on Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. In her motion, Denise Hart also argues that Kenneth and Lisa Hart do not have standing to proceed in this case and that res judicata bars their claims. Joan Hart, Alan Hart, and Vincent DiCesare assented to Denise Hart's motion to dismiss, but they did not join. The United States did not object to the motion and did not join.[3] Kenneth and Lisa Hart object to Denise Hart's motion to dismiss on the merits, and they also argue that Denise Hart does not have standing to dismiss their claim because Denise's claim is unaffected by and does not overlap with their claim.[4]

---

[3]Pursuant to Supplemental Rule G(8)(c)(i)(B), "[a]t any time before trial, the government may move to strike a claim or answer because the claimant lacks standing." The Supplemental Rules do not contemplate a claimant's motion to dismiss another claim to the seized property.

[4]Kenneth and Lisa also argue that Denise Hart's motion is brought in bad faith, and for this reason, in their objection, they have requested sanctions pursuant to Federal Rule of Civil Procedure 11. "A motion for sanctions must be made separately

"Standing is a threshold consideration in all cases, including civil forfeiture cases." United States v. One-Sixth Share of James J. Bulger, 326 F.3d 36, 40 (1st Cir. 2003). Standing in such cases has constitutional, prudential, and statutory aspects. See United States v. Union Bank for Sav. & Inv. (Jordan), 487 F.3d 8, 22 (1st Cir. 2007). As to constitutional standing, "[i]t is well established that a party seeking to challenge a forfeiture of property must first demonstrate an ownership or possessory interest in the seized property in order to have standing to contest the forfeiture." United States v. 116 Emerson St., 942 F.2d 74, 78 (1st Cir. 1991). Constitutional standing is "very forgiving," as claimants need only show that they have a "colorable" ownership interest in the property. One-Sixth Share, 326 F.3d at 41.

In addition to these Article III prerequisites, the "prudential standing doctrine encompasses . . . 'the general prohibition on a litigant's raising another person's legal rights.'" Union Bank, 487 F.3d at 22 (quoting Allen v. Wright,

---

from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). In this case, Kenneth and Lisa Hart have not filed a separate motion. Therefore, the request for sanctions in their opposition to the motion to dismiss is not appropriate. Pioneer Capital Corp. v. Environamics Corp., 2003 WL 345349, at *1, n.1 (D.Me. February 14, 2003).

468 U.S. 737, 751 (1984)). Accordingly, in the context of civil forfeiture, "prudential concerns limit [a claimant's] ability to . . . challenge . . . the forfeiture of funds of which it is not a statutory owner." Id.; see also 1 D.B. Smith, Prosecution and Defense of Forfeiture Cases §9.04(2)(a)(2004)("[i]f a claimant avers a right to only a portion of the arrested property, his or her claim must be limited to that interest. The claimant may not defend against allegations in the complaint that do not affect the claimed interest."); compare United States v. One Parcel of Real Prop. & Improvements, Located at 1100 Peeler Ave., 2007 WL 4289692, at *4 (M.D.Ga. December 3, 2007) (where claimant attempted to assert an affirmative defense on behalf of another claimant in the proceeding, court would not address the defense because claimant could not "raise this defense on behalf of another party"); with United States v. 392 Lexington Parkway S., 386 F. Supp. 2d 1062, 1071-1072 (D. Minn. 2005)(where two mortgagees to seized property had adverse interests because of a dispute as to which mortgage was recorded first, each had standing to file cross motions for summary judgment against the other).

Here, Denise Hart has filed a claim for 16.666% of the proceeds from the sale of the seized property, and she may only defend against or challenge those claims to the seized property

that affect her claimed interest. In her motion to dismiss, however, Denise Hart does not argue that her 16.666% claim is affected by Kenneth's and Lisa's claim to 29.834% of the proceeds. Instead, Denise Hart makes several arguments as to why Kenneth and Lisa Hart should not be able to assert a claim that is adverse to Joan Hart's interest, contending that Joan Hart has a claim to the "full extent of her percentage ownership." Denise Hart Mot. to Dis. at 6. Prudential concerns limit Denise Hart's ability to challenge Kenneth's and Lisa's claim by raising another person's legal rights. Therefore, Denise Hart has no standing to challenge Kenneth's and Lisa Hart's claim and the court will not consider the merits of Denise Hart's motion to dismiss.

Conclusion

For the foregoing reasons, Denise Hart's motion to dismiss (document no. 39) is denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

January 17, 2008

cc: Peter A. Brown, Esquire
Joseph Caulfield, Esquire
Ronald E. Cook, Esquire
Gerry D'Ambrosio, Esquire
Richard J. Joyal, Esquire
Marc D. Kornitsky, Esquire
Michael a. Kostiew, Esquire
Todd Harold Prevett, Esquire
Robert J. Rabuck, Esquire
R. James Steiner, Esquire